BOLIN, Judge.
Sentry Insurance, a mutual company, instituted suit against Arkla Tex Auto Auction, Inc., seeking to recover $1,586.98 as reimbursement for that amount paid to plaintiff’s insured, Tipton Ford, Incorporated. From judgment in favor of plaintiff for the full amount demanded, defendant appeals. We affirm the judgment.
It was stipulated at the beginning of the trial that plaintiff was the insurer of Tip-ton Ford, Incorporated; that Tipton Ford was the owner of a 1969 Chrysler automobile; that plaintiff paid the sum of $1,586.-98 to Tipton for the loss of the automobile; and that Sentry became subrogated to the rights of its insured to the extent of this payment.
Tipton is a Ford automobile dealer doing business in Nacogdoches, Texas. Defend *517 ant operates an automobile auction in Shreveport, Louisiana. Persons or companies desiring to offer an automobile for sale at defendant’s auction take the automobile to defendant’s place of business where it is registered and a number assigned to it. The automobile is then parked in a numbered parking space in an enclosure on defendant’s premises. When the auction is being held the automobile is taken from its numbered parking space to the auction lot on defendant’s premises and offered for sale. Thereafter it is returned to its parking space in the enclosure. If an automobile is sold the buyer takes the automobile from where it is parked and defendant receives a fee based on the amount of the sale. If it is not sold the owner takes the automobile from where it was parked and defendant receives $2.00 for its service in providing the place and the auctioneer.
The parking lot is enclosed by a fence and the gate is locked when defendant closes for the night. The automobile keys are left in the ignition while the cars are parked on the lot.
Tipton delivered several automobiles to defendant’s establishment to be offered for sale at auction. All but two of the automobiles were sold. One of those not sold was driven back to Nacogdoches by Tip-ton’s agent, its used car manager, Mr. Edgerman. The other was left at defendant’s premises to be called for later.
Within a day or two after the automobile was left at defendant’s lot two men, wearing blue uniforms with the word “Ford” on their shirts, came to defendant’s office and stated they had come to get the red and white 1969 Chrysler for Tipton Ford, Inc. They were taken to the door facing the parking lot and the men recognized the car and pointed it out and defendant’s representative allowed them to take the car. Presumably it was converted to the use of the persons taking it and has not been found. The theft was not discovered until a few days later when Tipton telephoned to tell Arkla Tex he was sending for the automobile and defendant’s representative told him it had been driven away.
The law governing the present case is found in Louisiana Civil Code Articles 2926 et seq., the most pertinent being:
“Art. 2926. A deposit, in general, is an act by which a person receives the property of another, binding himself to preserve it and return it in kind.”
“Art. 2929. The deposit is essentially gratuitous. If the person, with whom the deposit is made receive a compensation, it is no longer a deposit, but a hiring.”
“Art. 2937. The depositary is bound to use the same diligence in preserving the deposit that he uses in preserving his own property.”
“Art. 2938. The provision in the preceding article is to be rigorously enforced:
“1. Where the deposit has been made by the request of the depositary.
“2. If it has been agreed that he shall have a reward for preserving the deposit.
“3. If the deposit was made solely for his advantage.
“4. If it has been expressly agreed that the depositary should be answerable for all neglects.”
The first question is whether there was an agreement for the depositary to receive “a reward for preserving the deposit” so as to render defendant a compensated depositary as defined under Civil Code Article 2938. The lower court found the $2.00 fee which was paid to the defendant for running the automobile through the auction, with the expected profit to be gained should the automobile be sold, made defendant a compensated depositary. We are in accord with this conclusion. Coe Oil Service, Inc. v. Hair, 283 So.2d 734 (La.1973).
*518 This brings us to the second question, that is, the degree of care required of the depositary and whether the care exercised by Arkla Tex was sufficient to protect it from liability.
The court in the Coe.case stated at page 738:
“We further find that Hair is a compensated depositary. * * * Therefore, Hair’s obligation of safeguarding the property, as well as its burden of exonerating itself from fault causing the damage, must be rigorously enforced.”
Applying the rule of rigorous enforcement, we find defendant has failed to establish its freedom from fault or that it used due care by releasing the automobile to persons unknown to the depositary.
The judgment is affirmed at defendant’s cost.